UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 20-1819 JGB (SPx) | Date | November 6, 2020 |
|---|---|---|---|
| Title | *Danielle Phillips v. Specialized Loan Servicing, LLC* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Plaintiff's Motion for Remand (Dkt. No. 8); (2) DENYING Defendant's Motion to Dismiss (Dkt. No. 9) and (2) VACATING the November 9, 2020 Hearing (IN CHAMBERS)**

Before the Court is Motion for Remand filed by Plaintiff Danielle Phillips and a Motion to Dismiss filed by Defendant Specialized Loan Servicing, LLC ("Specialized Loan"). ("Motion to Remand," Dkt. No. 8; "Motion to Dismiss," Dkt. No. 9.) The Court finds both Motions appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the motions, the Court DENIES both motions. The Court vacates the hearing set for November 9, 2020.

**I. BACKGROUND**

On May 15, 2020, Plaintiff filed her Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendant Specialized Loan. ("Complaint," Dkt. No. 1-1.) The Complaint alleges four causes of action: (1) breach of contract; (2) violation of Cal. Civ. Code § 2937; (3) negligence; and (4) unfair competition in violation of Cal. Bus. and Prof. Code §§ 17200 et seq. (Complaint, 4-6, 9.)

On September 3, 2020, Defendant removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Plaintiff moved to remand on September 30, 2020. Defendant opposed the Motion to Remand on October 8, 2020 and concurrently filed a Request for Judicial Notice. ("Remand Opposition," Dkt. No. 11; "RJN 2," Dkt. No. 12.) Plaintiff replied in support of the Motion to Remand on October 19, 2020, opposing the RJN. ("Remand Reply," Dkt. No. 14.)

On October 2, 2020, Defendant filed the Motion to Dismiss and a Request for Judicial Notice. ("RJN 1," Dkt. No. 10.) On October 9, 2020, Plaintiff filed a Notice of Non-Opposition to the Motion to Dismiss, indicating that she would file an Amended Complaint by October 23, 2020, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ("Non-Opposition to Motion to Dismiss," Dkt. No. 13.) On October 20, 2020, Defendant replied, urging the Court to adjudicate the pending Motions to Remand and to Dismiss on the basis of the original Complaint. ("Dismissal Reply," Dkt. No. 15.) On October 23, 2020, Plaintiff filed an Amended Complaint. ("FAC," Dkt. No. 16.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). Where the complaint seeks nonmonetary relief, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(i). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). Where a plaintiff contests the amount in controversy, the court will decide on the

preponderance of the evidence.  28 U.S.C. § 1446(c)(2)(B).  This evidence can include "summary-judgement-type evidence" included with the notice of removal.  <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004).

"When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint.  § 1332(a)′s amount in controversy requirement excludes only 'interest and costs,' and thus attorneys′ fees are properly included in the calculation."  <u>Jackson</u>, 2014 WL 5514142 at *8 (citing <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F.Supp.2d 993, 1001 (C.D.Cal.2002), <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir.2007)).

### III.   FACTUAL BACKGROUND

Plaintiff owns a property located at 2032 Nordic Ave., Chino Hills, CA ("Property").  (Complaint ¶ 8.)  On July 1, 2005, Plaintiff obtained a $440,000 lien ("First Lien") and a $55,000 Home Equity Line of Credit ("Second Lien"), both from Mortgage Investors Group ("MIG").  (<u>Id.</u> ¶ 9.)  In 2012, Plaintiff filed for bankruptcy.  (<u>Id.</u> ¶ 10.)  Plaintiff "believed the Chapter 7 Bankruptcy discharged her obligation" under the Second Lien.  (<u>Id.</u>)  Around this time, Plaintiff modified the First Lien under the Home Affordable Modification Program.  (<u>Id.</u> ¶ 11.)  Plaintiff "believed that under [this program], the Second Lien had been extinguished."  (<u>Id.</u>)  Plaintiff stopped receiving statements regarding the Second Lien.  (<u>Id.</u>)

Plaintiff did not receive any communication concerning the Second Lien until July 2019, when she received a Notice of Default and intent to foreclose.  (<u>Id.</u> ¶ 13.)  Plaintiff eventually determined that Defendant was foreclosing.  (<u>Id.</u> ¶ 14.)  Defendant has added thousands of dollars in fees to Plaintiff's loan.  (<u>Id.</u> ¶ 15.)  Plaintiff seeks "a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them, from collecting on the subject loan and from causing the Property to be sold, assigned, transferred to third-party, or taken by anyone or any entity," and "damages, disgorgement, damages for emotional distress, punitive damages[,] . . . compensatory and statutory damages, attorneys' fees, and costs."  (<u>Id.</u> 10.)

### IV.   DISCUSSION

**A.     Requests for Judicial Notice**

A court shall take judicial notice if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Because Plaintiff does not oppose RJN 1, the Court takes judicial notice of all exhibits attached thereto: Plaintiff's 2012 Chapter 7 Bankruptcy Petition, the 2012 Bankruptcy Court

Order discharging Plaintiff's debt, Plaintiff's Bankruptcy Docket, and the 2012 Assignment of Deed of Trust. (Dkt. No. 10.)

In RJN 2, Defendants request Judicial Notice of (1) Deed of Trust and Assignment of Rents, Doc. No. 2005-0472638 in the Official Records for the County of San Bernardino (ORCSB); (2) Deed of Trust, Doc. No. 2005-0472637, ORCSB; (3) Plaintiff's 2012 Chapter 7 Bankruptcy Petition; (4) 2012 Bankruptcy Court Order discharging Plaintiff's debt; (5) Plaintiff's Bankruptcy Docket; (6) Notice of Trustee's Sale, Doc. No. 2019-0439992, ORCSB; (7) Notice of Trustee's Sale, Doc. No. 2012-0071827, ORCSB; (8) Original Petition, Wolf et al. v. Wells Fargo Bank et al., Case No. 2011-36476, District Court of Harris County, TX; (9) Charge of the Court, Wolf v. Wells Fargo; (10) Order and Amended and Restated Counterclaim, Deutsche Bank et al. v. Caldwell et al., Case No. CV-2010-901880, Circuit Court of Mobile County, Alabama; (11) Order and Amended Counter-Complaint, Kibby v. Reverse Mortgage Solutions, Case No. CV-14-902414, Circuit Court of Mobile County, Alabama; and (12) McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d 1241 (11th Cir. 2016).

Plaintiff opposes judicial notice of Exhibits 1 and 2 on the grounds that they are irrelevant to determining the current value of her property but does not dispute the authenticity of these documents. (Remand Reply, 6.) Relevance is not a ground for opposing judicial notice. The Court takes judicial notice of Exhibits 1, 2, 3, 4, 5, 8, 9, 10, 11, and 12.

Exhibits 6 and 7 list the balances for the loan Defendants allege Plaintiff must pay. Plaintiff opposes judicial notice of Exhibits 6 and 7 on the grounds that the balances they set forth are disputed but does not dispute the authenticity of these documents. (Remand Reply, 6.) Whether Plaintiff must pay the entirety of the loan, including fees, costs, and interest, is, of course, the central issue in this case. The Court takes no position at this time on any of Plaintiff's questions of law. However, these default notices are clearly a matter of public record. The Court thus takes notice of the existence of official documents claiming that Plaintiff owes Defendant in excess of $85,000 without ruling on Plaintiff's claims that California statutes exempt her from paying some or all of this amount.

**B.     Motion to Remand**

It is well-settled that courts consider Motions to Remand before considering Motions to Dismiss, because a court cannot rule on substantive motions until it has determined that it has subject matter jurisdiction. See, e.g., Tate v. Fresenius USA, Inc., No. CV1305271JGBOPX, 2013 WL 12133850, at *3 (C.D. Cal. Sept. 4, 2013) (collecting cases). The Court therefore considers the Motion to Remand first.

The parties do not dispute that complete diversity exists between Plaintiff and Defendant, that the Motion to Remand was timely filed, or that Defendant is not a citizen of the State of California. (Notice of Removal ¶¶ 2, 7.) Plaintiff contends that removal is improper and the case must be remanded because the amount in controversy is not met. (Motion to Remand 4.)

Defendant contends that because Plaintiff seeks a "permanent injunction" barring Defendant from "collecting on the subject loan," the object of the litigation is the loan, which it currently values at $89,778.93.  (Notice of Removal, ¶¶ 10-11; RJN, Exh. 6)  Plaintiff contends that under Corral v. Select Portfolio Servicing, Inc., the amount in controversy is not the total amount of indebtedness but the benefit to Plaintiff or cost to Defendant of a delay in foreclosure. 878 F.3d 770, 775 (9th Cir. 2017).

Defendant has the better argument.  Corral is inapposite; it expressly controlled cases where "the plaintiff seeks only a temporary injunction pending review of a loan modification application."  Id.  Plaintiff, by contrast, seeks a permanent injunction barring Defendant from ever foreclosing on the loan.  Courts in the Ninth Circuit have long followed the rule that "[i]f the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation."  Reyes v. Wells Fargo Bank, N.A., No. C-10-01667JCS, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010) (collecting cases).  Plaintiff's complaint on its face seeks a permanent injunction; the loan is therefore the object of the litigation, and Defendant contends that value exceeds $75,000, even before the Court considers Plaintiff's other claims and attorneys' fees.

Plaintiff contends that the Court must follow Corral's temporary injunction rule because "it would be improper to permit *this* foreclosure to proceed based on the instant allegations . . . [t]he objection of the litigation is not ownership of the property."  (Remand Reply, 4.)  Ownership of the property is not the test; the temporality of the injunction sought is.  Plaintiff, in her complaint, expressly sought a permanent injunction.  Corral therefore does not apply.  The Court therefore DENIES Plaintiff's Motion to Remand.

**C.      Motion to Dismiss**

Because Plaintiff has not opposed Defendant's Motion to Dismiss and has already withdrawn her Complaint, the Court DENIES it as moot.

## V.      CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion to Remand and DENIES Defendant's Motion to Dismiss.  The November 9, 2020 hearing is VACATED.

**IT IS SO ORDERED.**